UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:23-CR-8-HAB |
| ) | |
| ERIN ALLDREDGE ) | |
| ) | |

## OPINION AND ORDER

Defendant Erin Alldredge filed a motion seeking a reduction in sentence under 18 U.S.C §3582(c)(1)(2)(B) [1] (ECF No. 60). She asks the Court to reduce her sentence due to what she believes to be an unfair sentence disparity created by the sentencing guidelines applicable to those convicted of offenses involving pure methamphetamine versus those convicted of non-pure methamphetamine offenses. The Government opposes the motion in principle (ECF No. 64). Alldredge did not reply.

## FACTUAL BACKGROUND

Three times in September 2022, an Indiana State Police informant purchased quantities of methamphetamine from Defendant in Howe, Indiana. The total amount of the drugs purchased was approximately 180 grams. Laboratory reports detailed that the methamphetamine sold by Alldredge was between 96-98% pure. On February 22, 2023, Alldredge was indicted on three counts of distribution of methamphetamine. Subsequently, Alldredge pleaded "straight up" to all three counts of the indictment. Following her plea, the probation office prepared a presentence investigation report (PSR) wherein the officer determined that Alldredge sold 150-500 grams of

---

[1] Defendant's motion sets out this statutory provision but it does not exist. The Court has interpreted Alldredge's motion to be a request for compassionate release under §3582(c)(1)(A).

pure methamphetamine which placed her at base offense level 32. After a reduction in offense level for acceptance of responsibility, and factoring in Defendant's criminal history category of III, the officer concluded her advisory guideline range to be 108-135 months.

At sentencing, this Court varied downward and imposed a sentence of 78 months' imprisonment, 30 months below the minimum of the advisory guideline range. Nevertheless, Alldredge filed the present motion seeking a further reduction because, in her view, the treatment under the guidelines for pure methamphetamine and non-pure methamphetamine create an unwarranted sentencing disparity.

## DISCUSSION

a. **Legal Standard**

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case --
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

While the statute does not define "extraordinary and compelling reasons," Congress tasked the United States Sentencing Commission with explaining these terms by promulgating general policy statements on the sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Under that authority, the Sentencing Commission issued a Policy Statement on § 3582(c)(1)(A), which provides six circumstances that may provide "extraordinary and compelling reasons" for a reduction in sentence. *See* U.S. Sentencing Guidelines Manual § 1B1.13. These six circumstances are:

- certain medical circumstances of the defendant, *id.* § 1B1.13(b)(1);
- the defendant's age, *id.* § 1B1.13(b)(2);
- the defendant's family circumstances, *id.* § 1B1.13(b)(3);
- the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, *id.* § 1B1.13(b)(4);
- any other circumstances or combination of circumstances similar in gravity to the circumstances listed above, *id.* § 1B1.13(b)(5); and
- the defendant received an unusually long sentence, *id.* § 1B1.13(b)(6).

If the defendant identifies one or more of these circumstances, the court proceeds to the second step and "exercis[es] the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner." *United States v. Peoples*, 41 F.4th 837, 840 (7th Cir. 2022).

Alldredge's sole argument in support of her reduction in sentence is that there is an unwarranted disparity in sentencing between defendants who are sentenced for pure methamphetamine offenses and non-pure methamphetamine offenses. The Court interprets her argument to be that she believes she is serving an unusually long sentence which should be reduced because of policy disagreements which many courts (outside of the Seventh Circuit) have expressed with regard to sentencing disparities between pure and non-pure methamphetamine. But "argu[ments] that [a] sentence violate[s] the policy of avoiding 'unwarranted sentence disparities

among defendants with similar records who have been found guilty of similar conduct'" have been rejected as grounds for compassionate release. *United States v. Mitchell*, 2021 WL 462123, at *5 (C.D. Ill. Feb. 9, 2021) (quoting *United States v. Arojojoye*, 806 F. App'x 475, 477 (7th Cir. 2020)). Further, "the compassionate release statute [may] not be used as a path to a sentence reduction based on a position available to defendants during plea negotiations or trial, direct appeal, or in a post-conviction motion under 28 U.S.C. § 2255 challenging a sentence." *United States v. Brock*, 39 F.4th 462, 464 (7th Cir. 2022). As noted Alldredge pleaded guilty without a plea agreement. By doing so, she was not subject to any limitations on her appellate rights. She could have raised this argument at her sentencing, or on appeal. By not doing so, she has waived that opportunity to present the argument in a motion for sentence reduction.

Further, to the extent she seeks to rely upon the recently amended Guidelines Manual to assert that an "unusually long sentence" is an extraordinary and compelling reason potentially warranting compassionate release, that fails too. The United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. One such new circumstance is related to defendants who received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Alldredge is hard-pressed to argue (or convince this Court) that a sentence that included a 30-month downward variance from the advisory guidelines range is an "unusually long sentence."

But even assuming that's the argument she's making, she does not qualify for relief under subsection (b)(6) because she has not served (and will not serve) 10 years of imprisonment for her convictions. And, Alldredge has not shown any change in the law that has produced a disparity between the sentence she is serving and the sentence she would likely receive today. In fact, courts within this circuit have rejected Alldredge's argument that courts must deviate from the methamphetamine guidelines on policy grounds. *See United States v. Bostick,* 910 F.3d 348, 350-51 (7th Cir. 2018) (upholding refusal of district judge to vary sentence based on the 10:1 ratio of actual methamphetamine to methamphetamine mixture); see also, *United States v. Elkins,* 1:18-CR-79 DRL-SLC, ECF No. 132 (N.D. Ind. February 4, 2020) ("[T]he court is not of the view that drug weight and drug purity have nothing to do with culpability, the severity of a drug offense, or its harmful impact on the public. The street places greater value on such features as weight and purity, and it does so for self-evident reasons in the drug trade. The court is not inclined to ignore these realities.").

Finally, if all that were insufficient to justify the denial of Alldredge's motion, subsection (b)(6) is invalid in this Circuit under *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021). *See Black*, 131 F.4th at 546. *Black*, following the holding of *Thacker*, conclusively determined that changes in the law "cannot serve as a basis for a defendant's eligibility [for compassionate release] by itself or in combination with other factors." *Id*. at 548. For all these reasons then, the Court DENIES Alldredge's request for a reduction in sentence.

## CONCLUSION

For these reasons, Defendant's motion for sentence reduction (ECF No. 60) is DENIED.

SO ORDERED on July 7, 2025.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

5